Matter of Milani M. (Fatima M.) (2025 NY Slip Op 00162)

Matter of Milani M. (Fatima M.)

2025 NY Slip Op 00162

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Docket No. NN-28663/23 Appeal No. 3462 Case No. 2024-01045 

[*1]In the Matter of Milani M., A Child Under Eighteen Years of Age, etc., Fatima M. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.

Appeal from order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about February 1, 2024, which, after a fact-finding hearing and upon respondent mother's default, found that respondent mother neglected the subject child, and placed the child in the custody of the Commissioner of Social Services to reside in foster care until completion of the next permanency hearing, unanimously dismissed, without costs, as taken from a nonappealable order.
Upon our review of respondent mother's assigned counsel's application and the record, we agree that the subject order is nonappealable because it was entered following the mother's default at the fact-finding hearing, and the mother did not move to vacate her default (see Matter of Aminata S. v Ndongo D., 230 AD3d 1078 [1st Dept 2024]; CPLR 5511).
As this Court has determined that the mother's appeal is from a nonappealable order, the application by the mother's assigned counsel to withdraw as counsel is granted. As such, we do not reach the issue raised by the mother's assigned counsel pertaining to the existence of nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]), and instead sua sponte relieve the mother's counsel from representation of the mother, as his representation on this appeal has been rendered moot by virtue of this order. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025